RECEIVED IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 JAN 23 A 9: 44

| | | |
|---|---|---|
| LINDA BROOKS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE #: 1:06cv62-MEF |
| | ) | |
| LAW OFFICE OF SAM STREETER, P.L.L.C., | ) | JURY DEMAND |
| STACY VOGLE, INDIVIDUALLY, & | ) | |
| MR. CORRALES, INDIVIDUALLY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is a complaint for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et. seq. ("FDCPA").

2. The Plaintiff seeks damages for the Defendants' impermissible third-party contacts, for false and misleading representations, for threatening to take action that is not intended to be taken, and for creating a false sense of urgency, for invading the Plaintiff's privacy, for intentionally inflicting emotional distress on the Plaintiff, for negligent supervision in training its personnel, for extortion, and for harassing communication.

### II. JURISDICTION AND VENUE

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue before this court is proper pursuant to 28 U.S.C. § 1409.

4. This Complaint contains both core and non core proceedings pursuant to 28 U.S.C. § 157.

### III. PARTIES

5. Plaintiff, Linda Brooks, is a natural person residing in Dale County, Alabama.

6. Defendant, Law Office Of Sam Streeter, P.L.L.C., is a professional limited liability company engaged in the debt collection business with its principal place of business being located at 10333 Richmond Avenue, Suite 600, Houston, Texas 77042-4131. Co-Defendant, Stacy Vogle, is an individual residing in Texas. Co-Defendant, Mr. Corrales, is an individual residing in Texas. The Defendants' principal purpose is to collect debts using the mail and telephone. Defendants, Law Office of Sam Streeter, P.L.L.C. (hereinafter, "Law Office"), Stacy Vogle (hereinafter, "Vogle"), and Mr. Corrales (hereinafter, "Corrales"), regularly attempt to collect debts alleged to be due another.

7. The Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. The alleged debt was for personal, family, or household purposes.

### IV. FACTUAL ALLEGATIONS

9. On or about the week of May 9, 2005, an employee of the Defendant, Law Office, contacted a third-party, Wallace Ruley, and advised that they had some "legal documents" for the Plaintiff.

10. On or about May 14, 2005, an employee of the Defendant, Law Office, contacted a third-party, Ralph Booker, and advised that they had to "deliver some legal documents" to the Plaintiff.

11. On or about May 18, 2005, the Defendant, Law Office, and Co-Defendant, Vogle, contacted a third-party, Ralph Booker, and advised that "[June] 15th was the last day for them (the Plaintiff) to...contact them (the Defendant) or she would be sued."

12. In June 2005, the Plaintiff spoke with the Defendants, Law Office, Vogle, and Corrales. During the course of that conversation, the Plaintiff questioned Co-Defendant, Vogle, as to why she told a third-party about possible legal proceedings.

13. In response to the inquiry, Co-Defendant, Vogle, advised that she could "tell him what this was about." Co-Defendant, Vogle, further advised the Plaintiff that "it is not against the law for me to tell him that."

14. During the course of this conversation, Co-Defendant, Corrales, advised the Plaintiff that he was the "Director of the Litigation Department."

15. During the course of the June 2005 conversation, Co-Defendant, Corrales, advised the Plaintiff that "they're going to be all set going ahead and taking you to Court."

16. During the course of the June 2005 conversation, the Co-Defendant, Corrales, advised that Plaintiff that the Defendants were going to "charge you with attorney fees, court costs, and back interest."

17. During the course of the conversation, Co-Defendant, Corrales, advised the Plaintiff that "in Alabama they don't protect your wages there."

18. During the course of the June 2005 conversation, Co-Defendant, Corrales, advised Plaintiff that he was "going [to] give you til 5:00 o'clock today to call me back and pay [the bill]. If not, we're gonna start the litigation process."

### COUNT I - VIOLATION OF 15 U.S.C. § 1692b
### Acquisition of location information.

19. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 18 as if fully set out herein.

20. 15 U.S.C. § 1692b prohibits the debt collector from communicating with any person other than acquiring location information about the consumer.

21. The Defendants violated this provision of the FDCPA by inquiring of two separate third-parties of the Plaintiff's whereabouts, and then advising the third-parties that they work for a law office and that they intended to sue the Plaintiff or had legal process for the Plaintiff.

22. The Defendants' violation of 15 U.S.C. § 1692b renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT II - VIOLATION OF 15 U.S.C. § 1692d
### Harassing and abusive conduct.

23. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 22 as if fully set out herein.

24. 15 U.S.C. § 1692d prohibits the debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. The Defendant, Law Office, and Co-Defendant, Vogle, violated § 1692d by contacting a third-party and disclosing its (the Defendants') intent to deliver a lawsuit to the Plaintiff.

26. As a result of the Defendants' third-party contact, the Plaintiff suffered embarrassment, humiliation, stress, nausea, loss of sleep, mental anguish, and other physical problems.

27. The Defendants' violation of 15 U.S.C. § 1692d renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT III - VIOLATION OF 15 U.S.C. § 1692e
### False, deceptive, or misleading representations.

28. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 27 as if fully set out herein.

29. The Defendants violated 15 U.S.C. §§ 1692e(2), (4), (5), & (10) by misrepresenting the imminence of legal action and making other false and misleading representations concerning alleged potential litigations against the Plaintiff. The statements, by the Defendants, that they wished to "deliver legal documents," that they will "file a lawsuit," that they will "go through the court system" that they will "charge attorney fees," that they "don't protect wages in Alabama," that they will "start the litigation process," and the numerous uses of the terms "legal papers" and "legal documents" are patently misleading because they imply that the Defendants are capable of filing suit against the Plaintiff.

30. None of the Defendants are licensed attorneys in the State of Alabama. Furthermore, Defendants, Corrales and Vogle, are not licensed attorneys.

31. The Defendants have neither the intent nor ability to immediately file suit against the Plaintiff.

32. Upon information and belief, the Defendants did not retain an in-state attorney to proceed with any lawsuit nor did they have legal authority to retain an in-state attorney.

33. The Defendants' violations of the FDCPA are both willful and malicious in order to intimidate the Plaintiff into taking all necessary steps to pay the debt by threatening imminent legal action.

34. Upon information and belief, the Defendants have a pattern or practice of threatening legal action in states throughout the country with no intent of pursuing such action.

35. The Defendants' conduct indicates either an ignorance of the FDCPA or an intent to ignore the mandates of the FDCPA.

36. The Defendants' violation of 15 U.S.C. §§1692e(2), (4), (5), & (10) renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1692f
### Unfair practices.

37. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 36 as if fully set out herein.

38. The Defendants violated 15 U.S.C. § 1692f by attempting to collect an amount not expressly authorized by the agreement.

39. In its debt collection efforts, the Defendants, Law Office and Corrales, advised the Plaintiff of its intent to collect attorney fees from the Plaintiff.

40. Upon information and belief, the Defendants are not entitled to attorney fees.

41. The Defendants' violation of 15 U.S.C. § 1692f renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT V - INVASION OF THE RIGHT OF PRIVACY

42. Plaintiff, Linda Brooks, adopts and incorporates Paragraphs 1 through 41 as if fully set out herein.

43. The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

44. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held

## COUNT VII - NEGLIGENT SUPERVISION

51. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 50 as if fully set out herein.

52. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts V and VI, the Defendant, Law Office's, action, constitutes negligent supervision and training of its personnel hired for the purpose of collecting debts.

53. The Defendant, Law Office, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, Law Office, in the exercise of due care must have had notice of such action.

## COUNT VIII - EXTORTION

54. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 53 as if fully set out herein.

55. Plaintiff asserts that the Defendants falsely and with intent to extort used and implemented a scheme involving threatened criminal prosecution to accomplish collection of a debt.

## COUNT IX - HARASSING COMMUNICATION

56. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 55 as if fully set out herein.

57. Plaintiff asserts that the Defendants engaged in harassing communications, with intent to harass or alarm by the use of the telephone without a legitimate business communication.

WHEREFORE, Plaintiff, Linda Brooks, respectfully this Honorable Court enter judgment against the Defendants, Law Office of Sam Streeter, P.L.L.C., Stacy Vogle, individually, and Mr. Corrales, individually, for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

Respectfully submitted,

ESPY, METCALF & POSTON, P.C.

_____
David G. Poston
Attorney for Plaintiff
Post Office Drawer 6504
Dothan, Alabama 36302
334-793-6288
E-mail address lt@emppc.com