IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA BROOKS, | ) | |
| | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE #: 1:06-CV-62 |
| | ) | |
| LAW OFFICE OF SAM STREETER, P.L.L.C., | ) | **JURY DEMAND** |
| STACY VOGLE, INDIVIDUALLY,    & | ) | |
| MR. CORRALES, INDIVIDUALLY, | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

**AMENDED COMPLAINT**

**I. INTRODUCTION**

1. This is a complaint for damages for actual, statutory, and punitive damages brought by the Plaintiff, Linda Brooks, against the Defendants, Law Office of Sam Streeter, P.L.L.C., Stacy Vogle, individually, and Mr. Corrales, individually, for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter, "FDCPA"); the Defendants' invasion of the Plaintiff's right of privacy; the Defendants' intentional infliction of emotional distress; the Defendants' negligent supervision; the Defendants' extortion; and the Defendants' harassing communication.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(b), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1357.

3. Venue in this district is proper in that the Defendants regularly transact business here, and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Linda Brooks, is a natural person residing in Dale County, Alabama.

5. Defendant, Law Office Of Sam Streeter, P.L.L.C., is a professional limited liability company engaged in the debt collection business with its principal place of business being located at 10333 Richmond Avenue, Suite 600, Houston, Texas 77042-4131. Co-Defendant, Stacy Vogle, is an individual residing in Texas. Co-Defendant, Mr. Corrales, is an individual residing in Texas. The Defendants' principal purpose is to collect debts using the mail and telephone. Defendants, Law Office of Sam Streeter, P.L.L.C. (hereinafter, "Law Office"), Stacy Vogle (hereinafter, "Vogle"), and Mr. Corrales (hereinafter, "Corrales"), regularly attempt to collect debts alleged to be due another.

6. The Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The alleged debt was for personal, family, or household purposes.

### IV. FACTUAL ALLEGATIONS

8. On or about the week of May 9, 2005, an employee of the Defendant, Law Office, contacted a third-party, Wallace Ruley, and advised that they had some "legal documents" for the Plaintiff.

9. On or about May 14, 2005, an employee of the Defendant, Law Office, contacted a third-party, Ralph Booker, and advised that they had to "deliver some legal documents" to the Plaintiff.

10. On or about May 18, 2005, the Defendant, Law Office, and Co-Defendant, Vogle, contacted a third-party, Ralph Booker, and advised that "[June] 15th was the last day for them (the Plaintiff) to…contact them (the Defendant) or she would be sued."

11. In June 2005, the Plaintiff spoke with the Defendants, Law Office, Vogle, and Corrales. During the course of that conversation, the Plaintiff questioned Co-Defendant, Vogle, as to why she told a third-party about possible legal proceedings.

12. In response to the inquiry, Co-Defendant, Vogle, advised that she could "tell him what this was about." Co-Defendant, Vogle, further advised the Plaintiff that "it is not against the law for me to tell him that."

13. During the course of this conversation, Co-Defendant, Corrales, advised the Plaintiff that he was the "Director of the Litigation Department."

14. During the course of the June 2005 conversation, Co-Defendant, Corrales, advised the Plaintiff that "they're going to be all set going ahead and taking you to Court."

15. During the course of the June 2005 conversation, the Co-Defendant, Corrales, advised that Plaintiff that the Defendants were going to "charge you with attorney fees, court costs, and back interest."

16. During the course of the conversation, Co-Defendant, Corrales, advised the Plaintiff that "in Alabama they don't protect your wages there."

17. During the course of the June 2005 conversation, Co-Defendant, Corrales, advised Plaintiff that he was "going [to] give you til 5:00 o'clock today to call me back and pay [the bill]. If not, we're gonna start the litigation process."

### COUNT I - VIOLATION OF 15 U.S.C. § 1692b
### Acquisition of location information.

18. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 17 as if fully set out herein.

19. 15 U.S.C. § 1692b prohibits the debt collector from communicating with any person other than acquiring location information about the consumer.

20. The Defendants violated this provision of the FDCPA by inquiring of two separate third-parties of the Plaintiff's whereabouts, and then advising the third-parties that they work for a law office and that they intended to sue the Plaintiff or had legal process for the Plaintiff.

21. The Defendants' violation of 15 U.S.C. § 1692b renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT II - VIOLATION OF 15 U.S.C. § 1692d
### Harassing and abusive conduct.

22. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 21 as if fully set out herein.

23. 15 U.S.C. § 1692d prohibits the debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

24. The Defendant, Law Office, and Co-Defendant, Vogle, violated § 1692d by contacting a third-party and disclosing its (the Defendants') intent to deliver a lawsuit to the Plaintiff.

25. As a result of the Defendants' third-party contact, the Plaintiff suffered embarrassment, humiliation, stress, nausea, loss of sleep, mental anguish, and other physical problems.

26. The Defendants' violation of 15 U.S.C. § 1692d renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT III - VIOLATION OF 15 U.S.C. § 1692e
### False, deceptive, or misleading representations.

27. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 26 as if fully set out herein.

28. The Defendants violated 15 U.S.C. §§ 1692e(2), (4), (5), & (10) by misrepresenting the imminence of legal action and making other false and misleading representations concerning alleged potential litigations against the Plaintiff. The statements, by the Defendants, that they wished to "deliver legal documents," that they will "file a lawsuit," that they will "go through the court system" that they will "charge attorney fees," that they "don't protect wages in Alabama," that they will "start the litigation process," and the numerous uses of the terms "legal papers" and "legal documents" are patently misleading because they imply that the Defendants are capable of filing suit against the Plaintiff.

29. None of the Defendants are licensed attorneys in the State of Alabama. Furthermore, Defendants, Corrales and Vogle, are not licensed attorneys.

30. The Defendants have neither the intent nor ability to immediately file suit against the Plaintiff.

31. Upon information and belief, the Defendants did not retain an in-state attorney to proceed with any lawsuit nor did they have legal authority to retain an in-state attorney.

32. The Defendants' violations of the FDCPA are both willful and malicious in order to intimidate the Plaintiff into taking all necessary steps to pay the debt by threatening imminent legal action.

33. Upon information and belief, the Defendants have a pattern or practice of threatening legal action in states throughout the country with no intent of pursuing such action.

34. The Defendants' conduct indicates either an ignorance of the FDCPA or an intent to ignore the mandates of the FDCPA.

35. The Defendants' violation of 15 U.S.C. §§1692e(2), (4), (5), & (10) renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1692f
### Unfair practices.

36. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 35 as if fully set out herein.

37. The Defendants violated 15 U.S.C. § 1692f by attempting to collect an amount not expressly authorized by the agreement.

38. In its debt collection efforts, the Defendants, Law Office and Corrales, advised the Plaintiff of its intent to collect attorney fees from the Plaintiff.

39. Upon information and belief, the Defendants are not entitled to attorney fees.

40. The Defendants' violation of 15 U.S.C. § 1692f renders them liable for actual damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT V - INVASION OF THE RIGHT OF PRIVACY

41. Plaintiff, Linda Brooks, adopts and incorporates Paragraphs 1 through 40 as if fully set out herein.

42. The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

43. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendant, Law Office, and persons and agents acting on behalf of Defendant, Law Office, along with the individual defendants named herein.

44. Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

45. The Defendants, Law Office, Vogle, and Corrales, have committed the acts complained of herein in the State of Alabama.

46. As a proximate consequence of the invasion of the right of Plaintiff's privacy, the Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff, Linda Brooks, adopts and incorporates Paragraphs 1 through 46 as if fully set out herein.

48. As a proximate consequence and result of the invasion of the right of privacy as delineated in Count V and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to made physically sick, caused great loss of sleep, caused to be made ill and weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendants, Law Office, Vogle, and Corrales, are corporations, individuals, or individuals employed by the corporation and have committed the acts complained of herein in the State of Alabama.

49. As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT VII - NEGLIGENT SUPERVISION

50. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 51 as if fully set out herein.

51. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts V and VI, the Defendant, Law Office's, action, constitutes

negligent supervision and training of its personnel hired for the purpose of collecting debts.

52. The Defendant, Law Office, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, Law Office, in the exercise of due care must have had notice of such action.

## COUNT VIII - EXTORTION

53. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 52 as if fully set out herein.

54. Plaintiff asserts that the Defendants falsely and with intent to extort used and implemented a scheme involving threatened criminal prosecution to accomplish collection of a debt.

## COUNT IX - HARASSING COMMUNICATION

55. Plaintiff, Linda Brooks, adopts and incorporates paragraphs 1 through 54 as if fully set out herein.

56. Plaintiff asserts that the Defendants engaged in harassing communications, with intent to harass or alarm by the use of the telephone without a legitimate business communication.

WHEREFORE, Plaintiff, Linda Brooks, respectfully this Honorable Court enter judgment against the Defendants, Law Office of Sam Streeter, P.L.L.C., Stacy Vogle, individually, and Mr. Corrales, individually, for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

       Respectfully submitted,

       ESPY, METCALF & POSTON, P.C.

       */s/ David G. Poston*
       David G. Poston
       Attorney for Plaintiff
       Post Office Drawer 6504
       Dothan, Alabama  36302
       334-793-6288
       E-mail address lt@emppc.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA BROOKS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE #: 1:06-CV-62 |
| ) | |
| LAW OFFICE OF SAM STREETER, P.L.L.C., ) | **JURY DEMAND** |
| STACY VOGLE, INDIVIDUALLY, & ) | |
| MR. CORRALES, INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the Amended Complaint, filed **7**[th] day of **February**, 2006 upon the Law Office of Sam Streeter, P.L.L.C, Attn: Sam Streeter, Registered Agent, 10333 Richmond Avenue, Ste 600, Houston, Texas 77042, Stacy Vogle, Attn: Sam Streeter, Registered Agent, 10333 Richmond Avenue, Ste 600, Houston, Texas 77042, Mr. Corrales, Attn: Sam Streeter, Registered Agent, 10333 Richmond Avenue, Ste 600, Houston, Texas 77042, and to the Clerk of Court by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed or by electronic mail this **7**[th] day of **February**, 2006.

Respectfully submitted,

ESPY, METCALF & POSTON

*/s/ David G. Poston*
David G. Poston
Attorney for Plaintiff
Post Office Drawer 6504
Dothan, Alabama 36302
334-793-6288
Email: lt@emppc.com