IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDA BROOKS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:06-CV-62 |
| ) | |
| **LAW OFFICE OF SAM** ) | |
| **STREETER, P.L.L.C.,** ) | |
| **STACY VOGLE, individually, and** ) | |
| **MR. CORRALES,** ) | |
| ) | |
|     **Defendants.** ) | |

**Answer of Law Office of Sam Streeter, P.L.L.C.**

Law Office of Sam Streeter, P.L.L.C., hereinafter referred to as "Streeter", answers the Complaint, as amended, as follows:

1. Streeter admits that Plaintiff purports to bring an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (FDCPA) and various state law claims. Streeter denies any liability or wrongful conduct as alleged in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint call for determinations of law and are denied as such.

3. Streeter admits that Plaintiff is located in this district and that Streeter made attempts to contact the Plaintiff. Streeter denies that its conduct is actionable.

4. Streeter admits the allegations contained in paragraph 4 of the Complaint.

5. Streeter admits that is a professional limited liability company engaged in the debt collection business with its principal place of business at 10333 Richmond Ave, Ste 600, Houston, Texas 77042-4131. Streeter's principal purpose is the practice of law

including the collection of debts owed to by debtors, including the Plaintiff in the above-styled cause.

6.      Streeter admits that it is a debt collector as defined in Section 1692a(6) of the FDCPA.

7.      Streeter admits that Plaintiff owed a debt to its creditor client for expenditures made by Plaintiff. Streeter is without sufficient information to admit or deny the remaining allegations contained in paragraph 7 of the Complaint.

8.      Streeter denies the allegations contained in paragraph 8 of the Complaint.

9.      Streeter denies the allegations contained in paragraph 9 of the Complaint.

10.     Streeter denies the allegations contained in paragraph 10 of the Complaint.

11.     Streeter denies the allegations contained in paragraph 11 of the Complaint.

12.     Streeter denies the allegations contained in paragraph 12 of the Complaint.

13.     Streeter denies the allegations contained in paragraph 13 of the Complaint.

14.     Streeter denies the allegations contained in paragraph 14 of the Complaint.

15.     Streeter denies the allegations contained in paragraph 15 of the Complaint.

16.     Streeter denies the allegations contained in paragraph 16 of the Complaint.

17.     Streeter denies the allegations contained in paragraph 17 of the Complaint.

## Count I – Violation of 15 U.S.C. § 1692b

18.     Streeter realleges its responses to paragraphs 1 through 17 as though fully stated herein.

19.     Streeter denies the allegations contained in paragraph 19 of the Complaint.

20.     Streeter denies the allegations contained in paragraph 20 of the Complaint.

21.     Streeter denies the allegations contained in paragraph 21 of the Complaint.

### Count II – Violation of 15 U.S.C. § 1692d

22. Streeter realleges its responses to paragraphs 1 through 22 as though fully stated herein.

23. Streeter denies the allegations contained in paragraph 23 of the Complaint.

24. Streeter denies the allegations contained in paragraph 24 of the Complaint.

25. Streeter denies the allegations contained in paragraph 25 of the Complaint.

26. Streeter denies the allegations contained in paragraph 26 of the Complaint.

### Count III – Violation 15 U.S.C. § 1692e

27. Streeter realleges its responses to paragraphs 1 through 27 as though fully stated herein.

28. Streeter denies the allegations contained in paragraph 28 of the Complaint.

29. Streeter states that it is a professional limited liability company and as a P.L.L.C. is not a holder of an Alabama professional license.

30. Streeter denies the allegations contained in paragraph 30 of the Complaint.

31. Streeter denies the allegations contained in paragraph 31 of the Complaint.

32. Streeter denies the allegations contained in paragraph 32 of the Complaint.

33. Streeter denies the allegations contained in paragraph 33 of the Complaint.

34. Streeter denies the allegations contained in paragraph 34 of the Complaint.

35. Streeter denies the allegations contained in paragraph 35 of the Complaint.

### Count IV – Violation of 15 U.S.C. § 1692f

36. Streeter realleges its responses to paragraphs 1 through 35 of the Complaint.

37. Streeter denies the allegations contained in paragraph 37 of the Complaint.

38. Streeter denies the allegations contained in paragraph 38 of the Complaint.

39. Streeter denies the allegations contained in paragraph 39 of the Complaint.

40. Streeter denies the allegations contained in paragraph 40 of the Complaint.

### Count V – Invasion of the Right of Privacy

41. Streeter realleges its responses to paragraphs 1 through 40 of the Complaint.

42. Streeter denies the allegations contained in paragraph 42 of the Complaint.

43. Streeter denies the allegations contained in paragraph 43 of the Complaint.

44. Streeter denies the allegations contained in paragraph 44 of the Complaint.

45. Streeter denies the allegations contained in paragraph 45 of the Complaint.

46. Streeter denies the allegations contained in paragraph 46 of the Complaint.

### Count VI – Intentional Infliction of Emotional Distress

47. Streeter realleges its responses to paragraphs 1 through 46 of the Complaint.

48. Streeter denies the allegations contained in paragraph 48 of the Complaint.

49. Streeter denies the allegations contained in paragraph 49 of the Complaint.

### Count VII – Negligent Supervision

50. Streeter realleges its responses to paragraphs 1 through 49 of the Complaint.

51. Streeter denies the allegations contained in paragraph 51 of the Complaint.

52. Streeter denies the allegations contained in paragraph 52 of the Complaint.

### Count VIII – Extortion

53. Streeter realleges its responses to paragraphs 1 through 52 of the Complaint.

54. Streeter denies the allegations contained in paragraph 54 of the Complaint.

### Count IX – Harassing Communication

55. Streeter realleges its responses to paragraphs 1 through 55 of the Complaint.

56. Streeter denies the allegations contained in paragraph 56 of the Complaint.

**First Defense**

Streeter denies each and every allegation contained in the Complaint and demands strict proof thereof.

**Second Defense**

The Complaint, as amended, fails to state a cause of action upon which relief may be granted.

**Third Defense**

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a FDCPA violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**Fourth Defense**

Plaintiff's causes of actions are barred by waiver, release, accord and satisfaction, estoppel, collateral estoppel, *res judicata*, laches, the statute of limitations, unclean hands, and contributory negligence.

**Fifth Defense**

Streeter pleads lack of causal relation.

**Sixth Defense**

Streeter pleads that Plaintiff did not comply with the notice requirements of FDCPA, 15 U.S.C. 1692, *et seq.*

**Seventh Defense**

Streeter pleads that Plaintiff has suffered no damages.

**Eighth Defense**

Streeter pleads that Plaintiff has failed to mitigate her damages.

## Ninth Defense

Streeter asserts that, to the extent that punitive damages are claimed:

A.  Awarding punitive damages against Streeter in this case would violate the constitutional safeguards afforded to Streeter under the Constitution of the State of Alabama;

B.  Awarding punitive damages against Streeter in this case would violate the constitutional safeguards afforded to Streeter under the Constitution of the United States of America;

C.  Awarding punitive damages in this case would violate the constitutional safeguards afforded to Streeter under the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that punitive damages are vague, excessive, not rationally related to any legitimate governmental interest, not appropriate under the facts in this case, and cannot be constitutionally imposed.

D.  Awarding punitive damages in this case would violate the constitutional safeguards afforded to Streeter under Article 1, Section 6 of the Alabama Constitution in that punitive damages are vague, excessive, not rationally related to any legitimate governmental interest, not appropriate under the facts in this case, and cannot be constitutionally imposed.

E.  Awarding punitive damages in this case would violate the procedural safeguards provided to Streeter under the Sixth Amendment to the United States Constitution in that punitive damages are penal in nature and, consequently, Streeter is entitled to the same procedural safeguards accorded to criminal defendants under the Constitution of the United States and under the Constitution of the State of Alabama.

      F.      Imposing punitive damages, which are penal in nature, against Streeter and compelling Streeter to testify and disclose potentially incriminating documents into evidence violates the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 6 of the Constitution of the State of Alabama.

      G.      The procedures for awarding punitive damages fail to provide a reasonable limit on the amount of the award against this Defendant.

      H.      Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which govern the award, or the amount of the award of punitive damages.

      I.      Alabama procedures for the awarding of punitive damages permit the imposition of different penalties for the same or similar acts.

      J.      An award of punitive damages may be assessed against Streeter vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Streeter.

      K.      An award of punitive damages may be assessed against Streeter for unauthorized acts of agents without any additional requirement of knowledge or fault on the part of this Defendant.

      L.      Where a joint and several punitive damages award is mandated to be in a single amount against this Defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the Defendant according to the degree of culpability of the conduct of the defendants.

      M.      Should the Court require the award of punitive damages in a single, joint and several verdict of one amount, and adoption of this non-apportioned rule would be

contrary to the objective of punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to the culpability of conduct.

      N.    In the event a single verdict is mandated against this Defendant for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against Defendant whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against this Streeter for any portion of that judgment regardless of Streeter's culpability or relative culpability.

      O.    Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages or amount of compensatory damages.

      P.    Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, the amount of the award of punitive damages and the interest or goals of the State of Alabama relating to the imposition or allowance of punitive damages.

      Q.    Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award of punitive damages and the defendant's alleged wrongful or culpable conduct.

      R.    The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is a lack of

any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages.

S.   Punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria.

T.   There is a lack of reasonable standard necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits.

### Tenth Defense

Each and every state law claim alleged in the Complaint is preempted by the FDCPA.

### Eleventh Defense

The Plaintiff is judicially estopped from proceeding in this case.  Plaintiff filed a Chapter 7 bankruptcy petition and these claims are property of the estate to be administered by the Chapter 7 Trustee and the U.S. Bankruptcy Court.

### Twelfth Defense

Plaintiff is judicially estopped from claiming damages greater than the amount of her exemptions stated in her bankruptcy petition.

/s/ W. McCollum Halcomb
W. McCollum Halcomb (HAL030)
Attorney for Law Office of
Sam Streeter, P.L.L.C.
HALCOMB & WERTHEIM, PC
PO Box 12005
Birmingham, AL  35202-2005
(205) 251-0007

**Certificate of Service**

      I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiff, via US Mail, postage prepaid, this the 25th day of February, 2006, to the following address:

David G. Poston
ESPY, METCALF & POSTON, PC
P O Drawer 6504
Dothan, AL 36302

                                                    */s/ W. McCollum Halcomb*
                                                    W. McCollum Halcomb