IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA BROOKS ) | | |
| ) | | |
| PLAINTIFF, ) | | |
| ) | | |
| v. ) | | CASE # 1:06-CV-62 |
| ) | | |
| LAW OFFICE OF SAM STREETER, P.L.L.C. ) | | |
| STACY VOGLE INDIVIDUALLY,     & ) | | |
| MR. CORRALES, INDIVIDUALLY, ) | | |
| ) | | |
| DEFENDANTS. ) | | |

### DEFENDANT, LAW OFFICE OF SAM STREETER'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Law Office of Sam Streeter and hereby submits the following brief in support of its Motion for Summary Judgment. In support of its Motion for Summary Judgment, Defendant, Law Office Sam Streeter, along with the Affidavit of Sam Streeter attached as "Exhibit A", and other and further supporting documents attached as "Exhibit B" and Exhibit C, offers the following:

### STATEMENT OF UNDISPUTED FACTS

Defendant, Law Office of Sam Streeter (hereinafter referred to as "The Streeter Law Firm") is a law firm in the business of debt collection. In 2005, The Streeter Law Firm sought to collect a debt from Plaintiff, Linda Brooks.  In its efforts to contact Plaintiff with regard to collecting a debt, Defendant, Streeter Law Firm sought information as to Plaintiff's location (see "Exhibit C", Notelines of Law Office of Sam Streeter, page 6-9, 6/09/2005 through 05/02/2005). The Streeter Law Firm contacted third parties and inquired as to the Plaintiff's whereabouts. In its contact with third parties, The Streeter Law Firm never stated that the Plaintiff owed a debt, the amount of the debt, or

1

that they were trying to collect a debt from the Plaintiff. (see attached "Exhibit B," Request for Admission 10, page 2., pursuant to Federal Rules of Civil Procedure Rule 36(a) and see "Exhibit C", Notelines of Law Office of Sam Streeter, page 6, lines dated:06/09/2005, 05/16/2005, 05/13/2005; page 7, lines dated 05/11/2005, 05/10/2005; page 8, lines dated 05/10/2005 and 05/09/2005).

The Streeter Law Firm contacted Plaintiff by telephone with regard to the debt sought to be collected. When speaking directly with the Defendant, Plaintiff was told that the call was in regard to a debt owed on her Visa account. (see "Exhibit B" page 1 Request for Admission 6, pursuant to Rule 36(a).) Defendant did not call Plaintiff before 8:00 AM or after 9:00 PM. (see "Exhibit B", page 1, Req. for Admiss. 7, pursuant to Rule 36(a)), and "Exhibit C", Notelines page 6, lines 06/06/2005, 05/24/2005). Defendant did not, at any time, use profanity or threats of physical harm when communicating with Plaintiff or any third party. (see "Exhibit B" page 1, Request for Admission 8, pursuant to Rule 36(a) and "Exhibit C", Notelines, page 4; page 6, lines 06/06/2005, 05/24/2005, 05/18/2005, 05/13/2005, 05/12/200; page 7, lines dated 05/12/2005, 05/11/2005, 05/11/2005, 05/10/2005; page 9, lines dated 05/10/2005). Defendant did not contact Plaintiff repeatedly. (see "Exhibit B", page 2 Request for Admission 11, pursuant to FRCP rule 36(a) and see "Exhibit C", page 6, lines 06/06/2005, 05/24/2005). Defendant did not contact third parties repeatedly. (see "Exhibit C", page 6, lines 06/09/2005, 05/24/2005, 05/18/2005, 05/13/2005, 05/12/200; page 7, lines dated 05/12/2005, 05/11/2005, 05/11/2005, 05/10/2005; page 9, lines dated 05/10/2005). Defendant did not state to the Plaintiff or any third party that suit or legal action had been initiated (see "Exhibit B", page 2, Request for Admission 12, pursuant to Rule 36(a) and ("Exhibit C",

2

page 4; page 6, lines 06/06/2005, 05/24/2005, 05/18/2005, 05/13/2005, 05/12/200; page 7, lines dated 05/12/2005, 05/11/2005, 05/11/2005, 05/10/2005; page 9, lines dated 05/10/2005).

Plaintiff was never hospitalized as a direct result of any actions of Defendant (see "Exhibit B", page 1, Req. for Admiss. 2, pursuant to Rule 36(a)). Plaintiff has never consulted a physician with regard to any injuries she claims are a result of any actions of Defendants. (see "Exhibit B", page 1, Req. for Admiss. 3, pursuant to Rule 36(a)). Plaintiff has never consulted with a mental health professional with regard to any injuries she claims are a result of any actions of Defendants. (see "Exhibit B", page 1, Req. for Admiss. 4, pursuant to Rule 36(a)). Plaintiff has not been prescribed any medication as a direct result of any action of Defendant. (see "Exhibit B", page 1, Req. for Admiss. 5, pursuant to Rule 36(a)). Plaintiff has suffered no actual injuries as a result of any actions of the Defendant. (see "Exhibit B", page 1, Req. for Admiss.1, pursuant to Rule 36(a)).

## ARGUMENT

**I.    PLAINTIFF HAS NO ACTUAL DAMAGES:**

Damages are an element of a claim and without evidence of damages, summary judgment is appropriate. <u>King v. Asset Acceptance</u>, LLC WL 2714734 (N. D. Ga.). The <u>Fair Debt Collection Practice Act</u> 15 U.S.C. 1692k provides for liability for any actual damage sustained. Plaintiff has not sustained any such actual damages. Plaintiff alleges in her Complaint that she has experienced "mental anguish" and physical problems. However, Plaintiff does not allege that she has ever been hospitalized or otherwise treated or diagnosed by a physician or mental health professional as a result of any action of the

Defendant.  Plaintiff does not allege that she has ever been medicated as a result of any action of the Defendant.

Even if Plaintiff's allegations of mental suffering could be considered for determining actual damages her FDCPA claim, "a claim for mental distress damages must be supported by something more than the plaintiff's own conclusory allegations." Riley v. Equifax Credit Information Services, 194 F. Supp.2d 1239 (S.D. Ala. 2002). Plaintiff has offered no "degree of specificity" as to her alleged mental suffering and does not allege any actual treatment or diagnosis for any her alleged suffering. Plaintiff has merely offered her own claims that she suffered these various damages, which is insufficient for proving actual damages, as a matter of law.  Id., Scala v. City of Winter Park, 116 F.3d 1396 (11th Circ. 1997).

**II.  DEFENDANT IS NOT LIABLE ON CLAIM OF INVASION OF PRIVACY:**

There are four types of invasion of privacy: 1) intrusion upon plaintiff's physical solitude or seclusion; 2) publicity which violates the ordinary decencies; 3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and 4) the appropriation of some element of the plaintiff's personality for a commercial use. Phillips v. Smalley Maintenance Services, Inc., 435 So.2d 705 (Ala. 1983).  In the instant case, Plaintiff claims the first type, "wrongful intrusion."  In making a determination of whether or not there has been a wrongful intrusion, the court must balance the right of the creditor to collect its debt and the right of the debtor in his own personality. Plaintiff must show that the actions claimed exceeded the bounds of reasonableness. Norris v. Moskin Stores, Inc., 132 So. 2d 321).

In Norris, the plaintiff received calls every day for a period of three weeks. Some of the calls were received late at night. The Norris court established that the cases that would amount to the tort of invasion of privacy will have an element of "intentional systematic campaign of harassment." Id. at 177. In the instant case, the Defendant did not engage in a systematic campaign of harassment. Defendant did not repeatedly call Plaintiff numerous times. Defendant did not call Plaintiff at odd or inconvenient hours. Defendant did not call any of the third parties *repeatedly*. Furthermore, Defendant did not use rude or indecent language or threats of physical harm. Defendant did none of the types of things that Alabama courts have considered wrongful intrusion under the law. Furthermore, even if all of the Plaintiff's allegations as to Defendant's actions were taken to be true, they still would not rise to the level of "exceeding the bounds of reasonableness" Housh v. Peth, 99 Ohio App. 485, 135 N.E.2d 440, 449, to constitute a claim of invasion of privacy.

### III.  DEFENDANT'S ACTIONS DO NO RISE TO THE LEVEL OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

For the court to find Intentional Infliction of Emotional Distress, the Plaintiff must show that the Defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society, and that by such conduct, intentionally or recklessly caused Plaintiff emotional distress so severe that no reasonable person could be expected to endure it. American Road Service Company v. Inmon, 394 So.2d 361 (Ala. 1980). "The courts have uniformly insisted that the creditor's conduct be clearly and obviously excessive in order to sustain a cause of action and liability usually has

rested on a prolonged course of hounding by a variety of extreme methods." <u>Midas Muffler Shop v. Ellison</u>, et. al., 650 P.2d 496 (Ariz. 1982).

Even if each and every allegation in Plaintiff's complaint was taken to be true, they would still be immaterial due to the fact that there is no way that the conduct alleged by Plaintiff could ever rise to the extreme level required for this cause of action. This tort "does not recognize recovery for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." <u>Logan v. Sears, Roebuck & Co.</u> 466 So.2d 121 (Ala. 1985) citing <u>Inmon</u>. Furthermore, the Plaintiff's alleged mental suffering does not rise to the level of such that no one could not be expected to endure it. Plaintiff has not alleged any costs incurred with regard to her alleged "mental suffering." Surely if her alleged issues were severe enough to constitute the tort of outrage, she would have at least have to have consulted professional or taken medication. As it is, plaintiff has merely alleged, without corroboration, that she suffered undiagnosed emotional and physical damages that apparently were mild enough that she incurred no costs for treatment and received no treatment for them.

## IV. DEFENDANT IS NOT LIABLE UNDER CLAIM OF NEGLIGENT SUPERVISION:

To prove a claim of negligent supervision, the Plaintiff would have to establish by affirmative proof, not only that Defendant's employees acted incompetently, but also that the Defendant knew about the incompetence or should have reasonably known about it and simply chose to ignore it. <u>Armstrong Business Services v. AmSouth</u>, 817 So.2d 665 (Ala. 2001). Plaintiff must show that conduct was of such a "nature, character, and frequency" that Defendant must have been aware of it. <u>Big B, Inc. v. Cottingham</u>, 634 So.2d 999 (Ala. 1993). Plaintiff does not have any such affirmative proof of this sort. It

6

is simply not enough for Plaintiff to make unsubstantiated allegations of incompetent behavior.

## V. NEITHER EXTORTION NOR HARASSING COMMUNICATIONS IS A VALID CAUSE OF ACTION UNDER ALABAMA LAW:

In <u>Preskitt v. Lyons, 865 So. 2d 424</u> (Ala. 2003), the Alabama Supreme Court found that there is no state cause of action of Extortion. The court found that even though Alabama Code §6-5-370 allows a person to sue in civil court for injury amounting to a felony, it does not create a cause of action. This Court said that the Plaintiff had failed to even show that her injury would have fit the elements for the felony of extortion, since she did not show that any property was taken from her by the Defendant. The court said that the facts of the case more accurately fit that of attempted extortion. Attempted extortion is a Class A misdemeanor, not fitting in the purview of §6-5-370

Even if the Plaintiff were able to overcome the standard for establishing this as a cause of action, the Plaintiff would still have to prove the elements of extortion. The central element of extortion is a *taking* of something. Ala.Code 1975 § 13A-8-13. The plaintiff in the instant case has not alleged that any property was taken by defendant and even states in the amended complaint that they are alleging only the intent to extort. Plaintiff therefore, is in the same position as the Plaintiff in Preskitt, without a valid cause of action for Extortion.

"Harassing Communications" is also a misdemeanor criminal offense and not a valid civil cause of action in Alabama. § 13A-11-8(b)(1), Code of Alabama 1975 provides that a person commits the crime of harassing communications when, with the intent to harass or alarm another person, he communicates with a person, anonymously or

otherwise, by telephone, telegraph, mail or any other form of written or electronic communication, in a manner likely to harass or cause alarm. The code section also provides an exception for communications made for legitimate business purposes. Harassing Communications is a Class C misdemeanor. This allegation in the Plaintiff's complaint can be viewed in the same way as the Extortion claim. As a class C misdemeanor, harassing communications does not fit within the purview of §6-5-370 and cannot be brought as a valid civil cause of action.

## CONCLUSION

The undisputed material facts in this case show that the Plaintiff cannot prevail on her stated causes of action. Furthermore, any facts that might be disputed are immaterial because they simply do not rise to the levels nor constitute the plaintiff's alleged causes of action. Nothing that the Plaintiff has alleged or brought forth in this action is sufficient to meet the standards for the claims in her complaint.

Furthermore, the Plaintiff has no actual damages. She has not shown or so much as stated that she has had any out of pocket damages or has been diagnosed with any recognized illness that would constitute damages under the law. Defendant respectfully asks that this court will grant its Motion for Summary Judgment or in the Alternative Partial Summary Judgment, and find that the Plaintiff is not entitled to damages.

Respectfully submitted.

*/s/ W. McCollum Halcom*
W. McCollum Halcomb (HAL030)
ASB9223M71W
Attorney for Defendants
HALCOMB & WERTHEIM, PC
P O Box 12005
Birmingham, AL  35202-2005
(205) 251-0007

8

          */s/ India A. Ramey*
          India A. Ramey (SMI246)
          ASB8345D48S
          Attorney for Defendants
          HALCOMB & WERTHEIM, PC
          P O Box 12005
          Birmingham, AL 35202-2005
          (205) 251-0007

**Certificate of Service**

    I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiffs via US Mail, postage prepaid, this the 24th day of October, 2006, to the following address:

David G. Poston
Brock & Stout
P.O. Box 367117
Enterprise, AL 36331

Gerald A. Templeton
The Templeton Group, P.C.
1000 Providence Park
Suite, 200
Birmingham, AL 35242

          */s/ India A. Ramey*
          Of Counsel