**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| LINDA BROOKS ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE # 1:06-CV-62 |
| ) | |
| LAW OFFICE OF SAM STREETER, P.L.L.C. ) | |
| STACY VOGLE INDIVIDUALLY, & ) | |
| MR. CORRALES, INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

**Motion to Quash Plaintiff's Notice of Deposition and**
**Motion for Protective Order**

COMES NOW, Law Office of Sam Streeter (hereinafter referred to as "The Streeter Law Office"), by and through the undersigned, pursuant to Federal Rules of Civil Procedure, Rule 26(c) and Federal Rules of Civil Procedure, Rule 30(b)(1) and (7), and respectfully requests this Court to: quash the plaintiff's Notice of Deposition; quash the oral deposition scheduled in that Notice; and enter a Protective Order requiring the Plaintiff to take the oral deposition of Attorney Sam Streeter via video teleconference 30 days after the Plaintiff has served its responses to Interrogatories and Requests for Production of Documents, that are now eight weeks past due. In support of this Motion, defendant, The Streeter Law Office offers the following:

**Summary of Argument**

The Court should grant the Streeter Law Office the relief requested in this combined motion due to the fact that the plaintiff's Notice to Take Deposition does not constitute reasonable notice and imposes unreasonable burden and expense on Attorney

Sam Streeter. Attorney Sam Streeter is located in Houston, Texas. Plaintiff wants to take Attorney Sam Streeter's oral deposition in Alabama within only 10 days of the date of service of the Notice. This is insufficient amount of time for Attorney Sam Streeter to be available for such a deposition in Alabama. Furthermore, conducting such a deposition in Alabama is oppressive, harassing, and imposes undue burden and unnecessary expense on Attorney Sam Streeter. Plaintiff wants to make Attorney Sam Streeter travel to Alabama on this short notice, yet Plaintiff has failed to respond to Interrogatories and Requests for Production served on Plaintiff's counsel on August 16, 2006.

## Introduction

1. On November 6, 2006, Plaintiff served its Notice of Taking the Deposition of Attorney Sam Streeter on November 16, 2006.

2. The Streeter Law Office has its principal place of business in Houston, Texas.

3. Attorney Sam Streeter owns and supervises the Streeter Law Office. He is located in Houston Texas.

4. On August 16, 2006, the Streeter Law Office served on the Plaintiff, Request for Admissions, Interrogatories and Requests for Production. The Plaintiff's responses were due on September 18, 2006. After the passage of eight weeks, the Plaintiff has still not responded to the Interrogatories or Requests for Production of Documents.

5. The Streeter Law Office received responses to the Request for Admissions on October 25, 2006, over a month late and on the day after the Law Office of Sam Streeter filed its pending Motion for Summary Judgment. The Law Office of Sam

Streeter has moved for Summary Judgment based, in part, on the Plaintiff's deemed admissions.

6.     The Streeter Law Office's Motion for Summary Judgment is pending. The Plaintiff's Response to the Motion is due November 9, 2006, and any Reply is due November 16, 2006.

## Motion to Quash the Notice of Oral Deposition

7.     "The right of discovery is not unlimited, and the trial court has the power to prevent its abuse by any party." VanBuren v. Dendy, 440 So.2d 1012 (Ala. 1983).

8.     The Plaintiff intends to take the oral deposition of Attorney Streeter within 10 days of serving the Notice, yet the Plaintiff has failed to timely respond to the Interrogatories and Requests for Production propounded upon the Plaintiff on August 16, 2006. The Streeter Law Office has a right to review those responses before it is required to produce Attorney Sam Streeter for oral deposition.

9.     The plain language of Rule 30(b)(1) of the Federal Rules of Civil Procedure clearly states that the party desiring to take the deposition of any person upon oral examination shall give **reasonable** notice.

10.    The Notice at issue does not constitute reasonable notice.

11.    The time between the serving of the Notice and the deposition date is insufficient to allow Attorney Sam Streeter, in Houston, Texas, to make adequate arrangements to travel to attend a deposition in Birmingham, Alabama.

12.    Airfare is significantly more expensive for Attorney ~~Sam~~ Streeter with only 10 days notice than it would be if more time were allowed to make more advance travel arrangements.

13. Attorney ~~Sam~~ Streeter has not been given a reasonable notice to work out any conflicts that might prevent him from attending said deposition and has not been given a reasonable time to gather and produce all of the documents requested by the Plaintiff.

## Motion for Protective Order

14. Pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, the Streeter Law Office respectfully requests the Court to enter a Protective Order preventing Attorney ~~Sam~~ Streeter from having to travel from Texas to Alabama to give his oral deposition in eight short days.

15. "Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business, especially when the corporation is a defendant." <u>Salter v. Upjohn Company</u>, 593 F.2d 649 (5th Cir. 1979).

16. Attorney ~~Sam~~ Streeter owns and oversees the Streeter Law Office. Traveling from Houston to Alabama will take away valuable time from Mr. Streeter's responsibilities in running his own firm.

17. Requiring Attorney ~~Sam~~ Streeter to abruptly stop running his law firm in Houston, Texas and come to Alabama in only eight days to give his oral deposition in Alabama, would be overly burdensome and expensive.

18. In the interest of fairness, economy, and cooperation, Attorney ~~Sam~~ Streeter should be deposed via video teleconferencing equipment in Houston, Texas.

## Conclusion

Since 10 days is inadequate notice of an oral deposition to be taken in a different state, and since the Streeter Law Office has not had the opportunity to peruse the

Plaintiff's discovery responses that were due eight (8) weeks ago, and since the Court has not yet had the opportunity to consider Plaintiff's response to the pending Motion for Summary Judgment and the Streeter Law Office's reply thereto, the Streeter Law Office respectfully requests this Court to quash the Plaintiff's Notice of Deposition and enter a Protective Order requiring the Plaintiff to take the oral deposition of Attorney Sam Streeter in Houston, Texas via video teleconference 30 days after the Plaintiff has served its responses to the Streeter Law Office's Interrogatories and Requests for Production.

Respectfully submitted this the 7th day of November, 2006.

/s/ W. McCollum Halcomb
W. McCollum Halcomb
ASB9223M71W
Attorney for Defendants
HALCOMB & WERTHEIM, PC
P O Box 12005
Birmingham, AL  35202-2005
(205) 251-0007


/s/ India A. Ramey
India A. Ramey
ASB8345D48S
Attorney for Defendants
HALCOMB & WERTHEIM, PC
P O Box 12005
Birmingham, AL  35202-2005
(205) 251-0007

**Certificate of Service**

  I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiffs via US Mail, postage prepaid, this the 24th day of October, 2006, to the following address:

David G. Poston
Brock & Stout
P.O. Box 311167
Enterprise, AL 36331

Gerald A. Templeton
The Templeton Group, P.C.
1000 Providence Park
Suite, 200
Birmingham, AL 35242

                 */s/ India A. Ramey*
                 Of Counsel