IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO 1: 2006-CV-62-MEF |
| | ) | |
| LAW OFFICE OF SAM STREETER, P.L.L.C., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, undersigned counsel of record for Plaintiff hereby moves this Honorable Court to enter an order extending and modifying the current response to Defendants' summary judgment motion for 45 days but without extending the discovery deadline as follows:

1. By prior order, Plaintiff must respond to Defendant's Motion for Summary Judgment by Tomorrow, November 9, 2006. Plaintiff relies on this motion and the attached Affidavit from Counsel in making the request for additional time.

2. Plaintiff has been unable to successfully complete necessary and appropriate discovery for responding to defendants' summary judgment submission.

3. Plaintiff's counsel has attempted to schedule depositions with the defendants through defense counsel on multiple occasions, unsuccessfully.

1

4. Defendants have attempted to delay the completion of the depositions by attempting to not appear at the depositions in person, as well as, attempting to have the depositions completed by teleconference.

5. Over the last several weeks, plaintiff's counsel has been awaiting firm dates for the deposition of the corporate representative of defendant, Sam Streeter, as well as Stacy Vogel Gaedes.

6. In particular, over the last two weeks defense counsel has been attempting to obtain dates from the clients to no avail.

7. By this Court's prior order, plaintiff's response to defendants' summary judgment is due on or before November 9, 2006.

8. As a result of the defendants' actions for failure to give firm dates and times for their depositions, plaintiff's counsel has scheduled the depositions at defense counsel's offices for November 16, 2006, and has provided deposition notices to defense counsel for those dates and time.

9. By this Court's prior order, a face-to-face mediation is due to be completed by legal counsel on or before November 14, 2006. The extension will help the parties to attempt settlement on even terms.

10. Even though the Plaintiff has now responded to the Request for Admissions filed by the Defendant, the parties are still responding to other written discovery, serving written discovery requests, including interrogatories and requests for production of documents and need additional time to complete appropriate and sufficient discovery in the case.

11. Importantly, no request is being made to extend the discovery deadlines or the other trial schedules in this matter. Simply additional time is needed for responding to the summary judgment submission that was filed with the Court.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, respectfully requests this Court to enter an order extending by 45 days the respective response dates to Defendants' Motion for Summary Judgment as currently filed.

                                                    _____
                                                    Gerald A. Templeton, Esq.
                                                    Attorney for Plaintiff

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of November 2006, I served by Facsimile and by First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

**W. McCollum Halcomb (HAL030)**
**India A. Ramey, Esq.**
Attorney for Law Office of
Sam Streeter, P.L.L.C.
HALCOMB & WERTHEIM, PC
PO Box 12005
Birmingham, AL 35202-2005
(205) 251 0046
(205) 251 0017

**David G. Poston**
Brock and Stout
PO Drawer 311167
Enterprise, AL 36331-1167
(334) 671 5555
(334) 671 2689 Fax

                                                    _____
                                                    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA BROOKS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO 1: 2006-CV-62-MEF |
| ) | |
| LAW OFFICE OF SAM STREETER, ) | |
| P.L.L.C., et al., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF GERALD A. TEMPLETON

**COMES NOW**, Gerald A. Templeton, undersigned attorney of record for the Plaintiff, Linda Brooks in the above-style matter and hereby after being duly sworn, deposes, states as follows in support if the motion to allow additional time to respond to Defendant's Motion for Summary Judgment:

**STATE OF ALABAMA**

**COUNTY OF SHELBY**

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, personally appeared Gerald A. Templeton who is known to me and being by me first duly sworn, deposes and says as follows:

1.  This affidavit is given on the requirements of F.R.C.P. 56(f) and the case law of the Eleventh Circuit Court of Appeals. See *Harbert Int'l, Inc. v James*, 157 F.3d

1

1271 (11th Cir. 1998) and *Clarke v. Amsouth Mortgage Co., Inc.*, 2006 U.S. Dist. LEXIS 42774 (M.D. Ala 2006).

2. I have personal knowledge of the matters and things stated herein and I am over the age of eighteen years.

3. This action, after its filing, has progressed with the exchange of initial disclosure documents and identities of individuals.

4. Discovery has started on this matter, but it is not close to being completed. As of today's date, no depositions have been completed, the parties are still exchanging discovery requests, still responding to discovery requests and investigating the issues and evidence for trial.

5. One or more of the defendant's would not give firm dates for their depositions to be taken for use as evidence in this matter, despite repeated requests to defense counsel for such dates. The Defendants are out of State and reside in Texas.

6. Plaintiff's counsel has attempted through telephone communication, email communication and written correspondence to obtain firm dates and times for depositions of representatives of the defendant as well as employees thereof.

7. Additional factual and proper evidence in the form of Testimony is needed in areas of:

    a. Actual damages incurred by plaintiff;

    b. The operation, training, and business of the defendant in the collection of accounts that they own or attempt to collect for others;

    c. The identity and identification of all individuals who had contact with third parties relating to the plaintiff's accounts when such third-party contact was not necessary, proper and violated federal law;

    d. Actions and efforts of defendant's representatives and employees to attempt the collection of the debt; and,

    e. Testimony on the viability of the answers in defenses raised by defendants in its answer to the complaint of this matter.

8. The additional time needed for completion of discovery will allow plaintiff to show genuine issues of material fact in the manner and method of collection of this debt being outside of the confines and against federal law.

9. The method and manner chosen to collect this debt was to abuse the plaintiff's rights by erroneous and illegal third party contact. Plaintiff will attempt to prove and show with this additional evidence, (in addition to the statements and conversations already collected from the third parties) that the third parties were given information about the plaintiff's debt against federal and state law. The third parties were subject to telephone calls from employees of the defendant in an ongoing effort to collect the debt while harassing and invading the privacy of the Plaintiff, causing her injury and damage.

10. Further, the additional time for requested discovery will allow the plaintiff to demonstrate genuine issues of material fact in that the law office conducted a pattern and practice of this behavior in other collection matters.

11. The allowance of time will allow the plaintiff's to show general issues of material fact as to the actual damages incurred as a result of all of the defendants' multiple wrongful actions.

12. The additional time is needed to show all the conduct occurring for completion of an evidentiary record to be presented to the court for determination of the genuine issue material fact on these actions as well as for plaintiff's proof of the injuries occurring from these actions.

13. Plaintiff, through its legal counsel, simply seeks additional time to fully and adequately respond to the filed summary judgment submission at this preliminary stage of litigation.

FURTHER AFFIANT SAYETH NOT.

_____
Gerald A. Templeton, Esq.

**STATE OF ALABAMA**

**COUNTY OF SHELBY**

SWORN TO AND SUBSCRIBED BEFORE ME, this the 8th day of November 2006.

NOTARY PUBLIC _____

SEAL    MY COMMISSIONS EXPIRES

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Apr 6, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

4