IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:06-cv-62-MEF |
| | ) | |
| LAW OFFICE OF SAM STREETER, | ) | |
| P.L.L.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Extension of Time to File Response to Defendants' [sic] Motion for Summary Judgment (Doc. # 21).

On October 24, 2006, Defendants timely filed a Motion for Summary Judgment in accordance with the deadline set by this Court's March 27, 2006 Uniform Scheduling Order. On October 25, 2006, the Court entered an Order (Doc. # 19) directing Plaintiff to file her response to that motion by no later than November 9, 2006 and directing Defendants to file their reply by no later than November 16, 2006. On November 8, 2006, filed the motion seeking an extension of the deadline for her response. In support of that motion, Plaintiff argues that the Court should grant her an extension because she has not been able to obtain sufficient discovery since the parties have not yet been able to take depositions.[1] She requests that the court allow her an additional 45 days in which to file her response.

---

[1] Plaintiff's motion does not state what Rule of Civil Procedure it is brought pursuant to. However, it is clear from the motion and the attached affidavit that the motion is brought pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

>Rule 56(f) provides:
>
>Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party opposing the motion must submit an affidavit that sets forth with particularity the facts the party expects to discover and how those facts would create a genuine issue of material fact. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (quotations and citation omitted). The court must balance the moving party's demonstrated need for discovery against the burden of such discovery on the opposing party. *James*, 157 F.3d at 1280. "The grant or denial of a continuance is within the sound discretion of the trial court." *Barfield*, 883 F.2d at 931.

Plaintiff has submitted an affidavit detailing the discovery needed and how it will aid her in responding to the motion for summary judgment. Weighing Plaintiff's need for additional discovery against the burden on Defendants, the Court finds that Plaintiff is entitled to some additional time to respond to the motion. The Court will therefore extend the deadline for filing the response. However, the Court believes that Plaintiff is not entitled to a 45-day extension. Rather, the Court will give Plaintiff until **November 29, 2006**, to file

her response.

It is therefore ORDERED that:

(1) Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion for Summary Judgment (Doc. # 21) is GRANTED IN PART and DENIED IN PART;

(2) Plaintiff will have until **November 29, 2006** to file her response to the motion for summary judgment;

(3) Defendant may file a reply brief on or before **December 6, 2006**, whereupon the motion will be submitted without oral argument.

DONE this 9th day of November, 2006.

                                           /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE